```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
CARL CAESAR,

                 Plaintiff,              RULING ON DEFENDANTS'
                                         RENEWAL LETTER
                                         22-CV-0841(JS)(ST)
      -against-

VILLAGE OF MINEOLA; VILLAGE OF
MINEOLA PARKS DEPARTMENT; and
THOMAS RINI,

                 Defendants.
----------------------------------x
For Plaintiff:      Carl Caesar, pro se
                    111-42 167th Street
                    Jamaica, New York 11433

For Defendants:     Brian S. Sokoloff, Esq.
                    Chelsea Ella Weisbord, Esq.
                    Sokoloff Stern LLP
                    179 Westbury Avenue
                    Carle Place, New York 11514
```

SEYBERT, District Judge:

Pro se plaintiff Carl Caesar ("Plaintiff") commenced this action against the Village of Mineola, the Village of Mineola Parks Department, and Thomas Rini (collectively, the "Defendants") purporting to allege discrimination claims based upon Plaintiff's race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and New York Executive Law § 296 et seq. ("N.Y. Human Rights Law"). Presently before the Court is Plaintiff's response to the Court's August 1, 2024 Order To Show Cause ("OSC") why this case should not be dismissed for

1

failure to prosecute (see OSC, ECF No. 34; OSC Response, ECF No. 36), as well as Defendants' request that the Court deem their Summary Judgment Motion fully briefed and unopposed (the "Renewal Letter"[1]) (see ECF No. 32).  For the reasons that follow, the Court declines to dismiss this case for failure to prosecute and DENIES Defendants' Renewal Letter.

The Court presumes the parties' familiarity with the factual and procedural background of this case, as stated in its OSC, which background is incorporated by reference herein (see OSC at 2-5), and recites only the facts necessary to provide context for its instant rulings.

When the Plaintiff did not respond to Defendants' Renewal Letter, which Letter "request[ed] the Court either (1) deem their Motion fully briefed and unopposed, or (2) alternatively, dismiss the action with prejudice for failure to prosecute and comply with Court Orders" (OSC at 4), the Court issued its August 1, 2024 OSC.  In the OSC: (a) the Court placed Plaintiff on explicit notice; (b) it was deeming Defendant's Renewal Letter as a "**Dismissal Motion based upon Plaintiff's demonstrated failure to prosecute this action**"; and (c) provided Plaintiff a "**FINAL opportunity to timely oppose the Dismissal Motion.**"  (OSC at 6 (emphases in OSC).)  Plaintiff was given until

---

[1]  The Court incorporates by reference herein the terms of art defined in the OSC, familiarity with which is presumed.

2

August 16, 2024 to show cause, and Defendants were directed to serve Plaintiff with the OSC "by: (a) first class mail; (b) overnight mail; (c) certified mail; and (d) email". (Id. at 6-7.) Of relevance, in directing Defendants to serve Plaintiff with the OSC, the Court noted:

> Defendants noted that on December 21, 2023, they re-served Plaintiff with a copy of their [Summary Judgment] Motion papers and referenced case law, along with a Local Rule 56.2 Notice, via email, regular mail, and certified mail. (See Renewal Letter at 2 n.1.) However, Plaintiff refused to accept the mailings, which were "returned to sender" and deemed "undeliverable." (Id.) There is no indication that service by email was not effectuated. Therefore, exercising an abundance of caution, the Court instructs Defendants to serve a copy of this Order to Show Cause upon Plaintiff by first class mail, overnight mail, certified mail, and email.

(Id. at note 2 (emphasis added).) Defendants filed a Certificate of Service evidencing its compliance with the Court's service directives. (See Cert. of Serv., ECF No. 35.)

Plaintiff timely responded to the OSC; he asked the Court not to dismiss his case, stating he had "endured various incidents of discrimination and harassment" and had "dates, times and images which [he] would like the opportunity to share with the courts." (OSC Response.) Plaintiff enumerated three examples "of the harassment and discriminatory behavior [he] was subject to over the years," purportedly by three different coworkers. (See id.) One of those examples was a text message with an image that

3

Plaintiff asserts he received, a copy of which Plaintiff included with his OSC Response. (See id. at 2-3.) Defendants have not replied to Plaintiff's OSC Response.[2] (See Case Docket, in toto.)

It is well-established courts afford pro se litigants special solicitude regarding summary judgment motions. See, e.g., Rivera v. Goulart, No. 15-CV-2197, 2018 WL 4609106, at *3 (S.D.N.Y. Sept. 25, 2018) (citing Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988)). Indeed, "[c]ourts read the pleadings, briefs, and opposition papers of pro se litigants 'liberally and interpret them to raise the strongest arguments that they suggest.'" Id. (quoting McPherson v. Coombe, 174 F.3d 276, 280 (2d C ir. 1999)); see also Monterroso v. Sullivan & Cromwell, LLP, 591 F. Supp. 2d 567, 577 (S.D.N.Y. 2008) ("District courts should read the pleadings of a pro se plaintiff liberally and [the] same principles apply to briefs and oppositions submitted by pro se litigants."). Yet, it is equally true that "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisoners, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted). Nor does a court's obligation to read pro se submissions liberally "relieve [a] plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." Jorgensen v. Epic/Sony

---

[2] For clarity: Defendants' were not directed to do so.

4

Records, 351 F.3d 46, 50 (2d Cir. 2003); see also Monterroso, 591 F. Supp. 2d at 577 ("[P]roceeding pro se does not otherwise relieve a litigant from the usual requirements of summary judgment, and a pro se party's 'bald assertion,' unsupported by evidence, is not sufficient to overcome a motion for summary judgment." (cleaned up)).

Here, given Defendants have moved for summary judgment, which they are entitled to do pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, if Plaintiff seeks to proceed with this action, as his OSC Response indicated, he is required to respond. The "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" (hereafter, the "Rule 56.2 Notice"), required by Local Civil Rule 56.2, explains as much.  In pertinent part, the Notice states:

> The defendant in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  This means that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion.  THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits and/or other documents as required by Rule 56(c) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1. . . .

5

Local Civil Rule 56.2 Notice.³  As this Court recently elucidated: "The purpose of this rule is to ensure that a party acting pro se 'understands its burden in responding to a motion for summary judgment, and the consequences of failing to do so.'"  White v. Roosevelt Union Sch. Dist. Bd. of Educ., No. 15-CV-1035, 2023 WL 4420117, at *1 (E.D.N.Y. July 10, 2023) (quoting Rivera, 2018 WL 4609106, at *3; further citation omitted; emphasis added). Additionally, the Rule 56.2 Notice serves the further purpose of informing a pro se litigant "that he or she must submit evidence countering the facts asserted by the Defendant."  Covello v. Depository Tr. Co., 212 F. Supp. 2d 109, 115 (E.D.N.Y. 2002).

The very reason this Court initially denied Defendants' Summary Judgment Motion was because Defendants had not also served Plaintiff with the requisite Rule 56.2 Notice.  (See Dec. 21, 2023 Elec. ORDER; see also Dec. 11, 2023 Elec. ORDER (deferring ruling on Defendants' Summary Judgment Motion because it was unclear whether Defendants had served the Rule 56.2 Notice).)  They did so on December 21, 2023 (see ECF No. 30-1).  Yet, despite service of the Rule 56.2 Notice, Plaintiff failed to respond to Defendants'

---

³ When Defendants provided Plaintiff with the Rule 56.2 Notice, it did so pursuant to the Local Civil Rules then in effect, the August 2018 version.  That is the version of the Notice quoted, above.  Since then, on July 1, 2024, an updated version of the Local Civil Rules have gone into effect.  As relevant here and as to the Rule 56.2 Notice, however, no substantive changes have been made.

6

Summary Judgment Motion. As summarized in the OSC, that led to Defendants' filing their Renewal Letter, as well as the Court alternatively construing the Renewal Letter as a dismissal motion and issuing its OSC regarding same. (See OSC at 4-6.)

From his OSC Response, two things are apparent to the Court: first, Plaintiff wishes to proceed with his case; and, second, Plaintiff has evidence he believes proves his claims. As to the later, that may or may not be so, but is a matter for a later date. As to the first, the Court finds the OSC Response is sufficient to show cause why the Court should not dismiss Plaintiff's case; however, it is not sufficient to defeat Defendants' Summary Judgment Motion. See Fed. R. Civ. P. 56(c). Of more relevant significance, though, is that from Plaintiff's OSC Response it is not "reasonably apparent" that Plaintiff "understood the nature of [Defendants'] [S]ummary [J]udgment [M]otion and the consequences for not properly opposing it." Sawyer v. Am/ Fed'n of Gov't Emps., AFL-CIO, 180 F.3d 31, 35 (2d Cir. 1999) (emphasis added); see also White, 2023 WL 4420117, at *2 (quoting Sawyer). The Court explains its further consideration, below.

Ordinarily, where a plaintiff has already been given a second opportunity to respond to a motion for summary judgment, but failed to do so, such as here, the Court would proceed to decide the motion as unopposed, as Defendants have requested. (See

7

Renewal Letter at 2.)  However, the footnote in Defendants' Renewal Letter regarding their December 21, 2023 mailings of their "motion papers and referenced case law, along with a Local Rule 56.2 notice", which "Plaintiff apparently refused to accept" and "which were 'returned to sender' and deemed 'undeliverable'" (id. at 2 and note 1), gives the Court pause.[4]  Given that disclosure, it is again unclear whether Plaintiff had notice of what was required of him to respond to Defendants' Summary Judgment Motion and what would be the consequences of failing to do so.  See Sawyer, 180 F.3d at 35.  Conversely, this hesitation is tempered by the fact that Plaintiff did respond to the OSC, which—like Defendants "motion papers and referenced case law, along with a Local Rule

---

[4]  The Court observes that Defendants served Plaintiff at his address of record, which is the same address Plaintiff provided in his OSC Response.  If Plaintiff seeks to prosecute this case, as he asserts, he may not reject mailing related to this action.  To do so would be akin to a pro se plaintiff failing to keep the Court apprised of his current mailing address.  That will not do.  Indeed, it is well-settled that "[t]he duty to inform the Court and defendants of any change of address is 'an obligation that rests with all pro se plaintiffs.'"  Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); see also Thornton v. Moroney, No. 13-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (explaining pro se litigants have a "duty to diligently pursue [their] case and to inform th[e] Court[] . . . of any change of address").  Moreover, as should be obvious, this case cannot proceed unless the Court and Defendants are able to contact Plaintiff.  See Pagan v. Westchester County, No. 12-CV-7669, 2014 WL 4953583, at *5 (S.D.N.Y. Oct. 1, 2014) ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation.").

8

56.2 notice"—was served upon Plaintiff by emailed. And, unlike Defendants' mailings, there is no indication those email transmittals were not delivered; therefore, it is possible Plaintiff did receive the requisite Rule 56.2 Notice by email. At bottom, though, the Court does not know. Hence, given this somewhat tortured scenario, in conjunction with Plaintiff's pro se status, in its discretion, the Court will afford Plaintiff a **FINAL OPPORTUNITY** to respond to Defendants' Summary Judgment Motion. In doing so, **Plaintiff is ON NOTICE**:

> The defendant in this case has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. This means that the defendant has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. **THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits and/or other documents as required by Rule 56(c) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1**. . . .
>
> In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying on the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim. If you have proof of your claim, now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared

>    specifically in response to defendant's motion for summary judgment.
>    If you do not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by the defendant, the court may accept defendant's facts as true.  Your case may be dismissed and judgment may be entered in defendant's favor without a trial.
>    If you have any questions, you may direct them to the Pro Se Office.

Local Civil Rule 56.2 Notice (eff. July 1, 2024) (emphasis added).

In exercising its discretion to proceed in this manner, the Court underscores its agreement with Defendants that it is Plaintiff's obligation—not Defendants—to move this case forward. (See Renewal Letter at 3.)  Moreover, as Defendants aptly assert: "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this [D]istrict seek access to the courts."  (Id. (quoting Whyte v. Commonwealth Fin. Sys., No. 14-CV-7030, 2015 WL 7272195, at *2 (E.D.N.Y. Nov. 17, 2015) (further citation omitted)).)  Thus, the Court reiterated: **This is Plaintiff's FINAL OPPORTUNITY to timely respond, in accordance with Federal Rule of Civil Procedure 56(c) and Local Civil Rule 56.1, to Defendant's Summary Judgment Motion.  Failure to do so will result in the Court deeming the Summary Judgment Motion unopposed and ripe for decision**.

[Remainder of page intentionally left blank.]

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff has sufficiently shown cause why this case should not be dismissed for failure to prosecute;

**IT IS FURTHER ORDERED** that Defendants' Renewal Letter is DENIED without prejudice to renew if so warranted;

**IT IS FURTHER ORDERED**, as to the Summary Judgment Motion:

(1) In an abundance of caution, <u>by no later than September 20, 2024</u>, Defendants are to re-serve Plaintiff with their Summary Judgment Motion papers and the Local Rule 56.2 Notice;

(2) <u>By no later than October 25, 2024</u>, Plaintiff is to serve his Opposition upon Defendants;

(3) <u>By no later than November 8, 2024</u>, Defendants shall: (a) serve their reply, if any, upon Plaintiff; and (b) file Plaintiff's Opposition and its Reply with the Court; thereafter, it is to ensure courtesy copies of the fully briefed Summary Judgment Motion are promptly delivered to the Court;

**IT IS FURTHER ORDERED** that Defendants' Summary Judgment Motion is administratively terminated and will be reinstated once it is fully briefed or the deadline for such briefing expires; and

**IT IS FURTHER ORDERED** that Defendants: (1) shall serve a copy of this Order upon Plaintiff **by September 20, 2024** (close of business), by: (a) first class mail; (b) overnight mail;

11

(c) certified mail; and (d) email; and (2) thereafter, promptly provide proof of said service.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September 17, 2024
         Central Islip, New York

12